UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT MITCHELL,

    **Plaintiff,**

vs.                                                  Case No.: 8:08-cv-1573-T-33TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    **Defendant.**
_____/

## ORDER

Before the Court is Plaintiff's Motion for Award of Attorney's Fees and Costs. (Doc. 13). Plaintiff's counsel seeks $2,048.00 in attorney's fees, payable directly to him, pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), calculated at the rate of $160.00 per hour for 12.8 hours of work. Plaintiff's counsel also seeks reimbursement of the $350.00 filing fee. Plaintiff's counsel filed an Affidavit containing an itemized table reflecting the hours expended on this case. (Doc. 14, pp. 3-4). The Government does not object to the fees and costs requested. (Doc. 15). Upon review of the pleadings, the Court finds that the Motion for Award of Attorney's Fees and Costs (Doc. 13) should be granted.

Plaintiff filed applications for Social Security disability benefits and Supplemental Security Income payments, which were denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council denied review. Subsequently, Plaintiff filed this action seeking judicial review. On March 30, 2009, in

response to the Government's Motion for Entry of Remand with Judgment (Doc. 9), the Court remanded this case for further proceedings (Doc. 11) and entered judgment for Plaintiff. (Doc. 12).

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the Government's position must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986)). A "final judgment" is one that is no longer appealable. *See* 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Because a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672. Here,

judgment is final and Plaintiff's motion for fees and costs is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer, 509 U.S. 292 (1993). Because this Court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party. Furthermore, upon consideration, the Government's position was not substantially justified in this case, and the Commissioner does not contend otherwise. Therefore, an award of fees under the EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation."). Here, Plaintiff seeks a fee totaling $2,048.00 based on 12.8 hours of work at the enhanced hourly rate of $160.00. Plaintiff does not refer to an enhanced pay scale, instead he informs the Court that his "regular hourly rate" is

$160.00 per hour. (Doc. 14 at p. 2).

Upon consideration, the Court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA. Recent decisions from the Middle District of Florida recognize that increases in the cost of living justify reimbursement at hourly rates well above $125.00. See e.g., Brown v. Astrue, Case No. 8:06-cv-320-T-TBM (M.D. Fla. May 3, 2007) (approving an enhanced rate of $155.00 per hour); see also Gonzalez v. Astrue, Case. No. 8:07-cv-1704 - T-TGW (M.D. Fla. April 21, 2009) (noting that as a consequence of annual increases the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour) .

Here, Plaintiff's counsel performed a total of 11.7 hours in 2008 and 1.1 hours in 2009. See Doc. 14, pp. 3-4. In light of previous decisions regarding enhanced fees in Social Security cases from the Middle District of Florida, Plaintiff's counsel is entitled to an hourly rate of $160.00 for work performed in this case. The total hours expended by Plaintiff's counsel are reasonable. Plaintiff's counsel failed to include a Plaintiff's Affidavit and Assignment of EAJA Fee, or any other indication from Plaintiff that the award of attorney's fees and costs should be paid directly to counsel, thus the Commissioner's remittance of the attorney's fees and costs, totaling $2,398.00, shall be made payable to Plaintiff. Plaintiff's counsel claims that his fee agreement with Plaintiff is attached to Docket 14. It is not. See Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008) (in which the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel).

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. 13) is **GRANTED**. Plaintiff, Scott Mitchell is awarded a total of $2,398.00, comprised of attorney's fees in the amount of $2,048.00 and costs in the amount of $350.00.

**DONE** and **ORDERED** from Chambers in Tampa, Florida, this 23rd day of July 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record